## D. BOOKER *v.* THE STATE.

1. PRACTICE. — In assigning errors it is futile to employ phrases which indicate nothing — such as "errors apparent of record," and the like; because, pointing out no illegality or irregularity, they merit no response.

2. SAME. — In the absence of a statement of facts, the refusal of requested instructions to the jury cannot be revised.

3. A MISDEMEANOR record will not be revised for other errors than those assigned.

APPEAL from the County Court of Grimes.    Tried below before the Hon. T. C. BUFFINGTON, County Judge.

*J. H. Smoot*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WINKLER, J.    The errors assigned are set out in the transcript as follows :

"1. Errors apparent of record.

"2. The refusal of the court to charge the jury as asked in bill of exceptions.

"3. And for other grounds."

Of these alleged errors the first and third fail to point out any particular illegality or irregularity, and call for no further response from this court.

The second error assigned calls in question the refusal of the court to give a special charge asked by the defendant. There is no statement of facts.    This being the case, we

are unable to determine whether the general charge given to the jury embraced the law of the case as made by the evidence or not, or whether the pleadings and the evidence required that the special charge was necessary or not.  In the absence of a statement of facts, the correctness or otherwise of charges given or charges refused cannot be revised on appeal.

This case being a misdemeanor, and having disposed of the errors assigned, we are not at liberty to inquire further into the record.

The information is sufficient to support the verdict of the jury and the judgment of the court.

The judgment is affirmed.

*Affirmed.*